UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME HAGINS,<br><br>    Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN, Warden<br><br>    Respondent. | Case No. 1:16-cv-01882-MJS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Respondent Andre Matevousian is represented by Matthew Yelovich of the United States Attorney's Office, Eastern District of California. The parties have consented to the jurisdiction of a Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c)(1). (ECF Nos. 8, 9, 11.)

Petitioner filed the instant petition for writ of habeas corpus on December 12, 2016. (Pet., ECF No. 1.) He contends that the Bureau of Prisons unlawfully denied him credit for time served while he was in state custody, and also while he was in federal custody pending trial. On June 19, 2017, Respondent filed an answer.[1] (ECF No. 19.) Petitioner filed no traverse and the time for doing so has passed. The matter is submitted.

**I.    Factual and Procedural History**

At the time of filing his petition, Petitioner was in federal custody at United States Penitentiary, Atwater, pursuant to the October 22, 2009 judgment of the United States District Court for the Southern District of Georgia, convicting him of distribution of cocaine base. (ECF No. 20-1 at 9.) He was sentenced to a term of 144 months. (Id. at 10.)

Petitioner's claims relate to events occurring prior to his federal conviction. That background is as follows.

On October 31, 2005, Petitioner was sentenced to a ten year term of imprisonment by the State of Georgia for possession of cocaine. (ECF No. 20-1 at 2.) On January 31, 2008, he was released on parole. (Id.) On March 5, 2009, he was indicted on multiple charges in the federal case that led to his current term of incarceration. See Case No. 6:09-cr-00010-BAE-GRS (S.D. Ga.), ECF No. 1. On April 14, 2009, he was arrested and taken into state custody for violating the terms of his parole from his 2005 conviction. (ECF No. 20-1 at 4.) That same day, he was taken into federal custody via a writ of habeas corpus ad prosequendum, though he remained housed in County Jail. (Id. at 4-5). See Case No. 6:09-cr-00010-BAE-GRS (S.D. Ga.), ECF Nos. 6-7 (writ).

---

[1] Mail delivered to Petitioner's address of record at United States Penitentiary ("USP") Atwater was returned as undeliverable on June 20, 2017. On that same date, Respondent filed a certificate of service indicating he served his answer on Petitioner at his last known address, USP Pollock, in Pollock, Louisiana. (ECF No. 21.) The Court likewise will direct the clerk to serve a copy of this order on Petitioner at his address of record (USP Atwater) and his last known address (USP Pollock). Petitioner is reminded, however, of his obligation to provide the Court and Respondent with his current address. Local Rule 183(b). Failure to do so may result in dismissal of the action.

Petitioner pleaded guilty to one count of distribution of cocaine base and, on October 22, 2009, he was sentenced. See Case No. 6:09-cr-00010-BAE-GRS (S.D. Ga.), ECF Nos. 47, 53. The next day, he was returned to state custody. (ECF No. 20-1 at 4-5.)

While in state custody, Petitioner wrote to the Bureau of Prisons requesting information regarding whether his federal sentence had commenced and/or when it would commence. (ECF No. 20-1 at 16.) The BOP construed this letter as a request for a nunc pro tunc designation for his sentences to run concurrently. (See id. at 18-19.) Thus, the BOP wrote to the federal sentencing judge to seek his input with respect to a retroactive concurrent designation. (Id.) The Chief U.S. Probation Officer for the Southern District of Georgia responded to the letter stating, "Judge Edenfield has denied a retroactive designation as to Jerome Hagins. The state time served by Hagins was a result of a parole violation and Judge Edenfield will not approve a concurrent designation under this circumstance." (Id. at 21.) On July 18, 2011, the BOP denied Petitioner's request for credit toward his federal sentence for time spent in state custody. (Id. at 23-24.)

Petitioner finally was released from state custody and into federal custody on January 11, 2012. (Id. at 14.)

## II. Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in federal custody who can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner's claims are proper, if at all, under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas

corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).

Petitioner brought this petition while confined at USP Atwater institution, which is within the Fresno Division of the Eastern District of California. Under 28 U.S.C. § 2241, a habeas corpus action must be brought in the district where Petitioner is confined. Venue is therefore proper in this district. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

**III.     Exhaustion**

Respondent contends that Petitioner has not exhausted administrative remedies.

**A.     Applicable Law**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, exhaustion under § 2241 is not a jurisdictional prerequisite. Id. Courts have discretion to waive a prudential exhaustion requirement; however, this discretion is not unfettered. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2012) ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."); Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (noting that a prudential exhaustion requirement "is not lightly to be disregarded").

The exhaustion requirement may be waived where pursuit of administrative remedies would be futile. Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). Exhaustion of administrative remedies has been held to be futile where the request for relief was denied based on an official BOP policy. See, e.g., id.; Ward, 678 F.3d at 1045-46. Exhaustion also may be waived where administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citation omitted).

4

**B. Analysis**

Petitioner received a determination regarding the calculation of his federal sentence from the BOP Designation and Sentence Computation Center ("DSCC"). He received this determination prior to entering federal custody and thus was not required to utilize the BOP administrative remedy procedures in his communications with the BOP. The DSCC decision appears to be a final decision on this matter in accordance with BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence (January 16, 2003). The decision itself gives no indication that it is subject to further administrative review. Thus, the Court concludes that administrative remedies were unavailable to this Petitioner or, if any were available, pursuit of them with regard to this determination would have been futile. The Court will address the merits of Petitioner's claim.

**IV. Review of Petition**

Petitioner contends that he is entitled to federal sentence credit for a period spanning April 14, 2009 through May 1, 2010. This includes time that Petitioner spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, as well as time spent solely in state custody.

**A. Applicable Law**

In general, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). "A court has the discretion, however, to order that multiple terms of imprisonment run concurrently when the court is imposing multiple terms on a defendant at the same time or is sentencing a defendant already subject to an undischarged term of imprisonment." Reynolds, 603 F.3d at 1148-49 (citing 18 U.S.C. § 3584).

"Once the district court has discharged its sentencing function, the defendant is committed to the custody of the BOP, which has the authority to calculate the

defendant's sentences in accordance with the district court's orders, as well as to designate the facility for service of such sentences." <u>Reynolds v. Thomas</u>, 603 F.3d 1144, 1149 (9th Cir. 2010), <u>abrogated on other grounds by</u> <u>Setser v. United States</u>, 132 S. Ct. 1463 (2012). A federal sentence "commences on the date the defendant is received in custody" at the "official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

The BOP has the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP has interpreted 18 U.S.C. § 3621(b) as authorizing it to designate a state prison as the facility for concurrent service of a federal sentence "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." BOP Program Statement 5160.05 (January 16, 2003). Thus, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." <u>Id.</u> The BOP also may consider an inmate's request for "pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation." <u>Id.</u> However, the BOP has "no obligation . . . to grant the request by designating a state institution retroactively as the place to serve the federal sentence." <u>Id.</u> The Ninth Circuit has approved these procedures as being within the BOP's authority. <u>Taylor v. Sawyer</u>, 284 F.3d 1143, 1148-49 (9th Cir. 2002) (citation omitted).

**B.    Analysis**

To the extent Petitioner contends that BOP erroneously failed to credit him for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, he is mistaken. A review of the docket in his federal case reflects that petitioner was under the primary jurisdiction of the state of Georgia prior to being transferred to temporary federal custody on April 14, 2009 via the writ. <u>See</u> Case No. 6:09-cr-00010-BAE-GRS

(S.D. Ga.), ECF Nos. 6-7 (writ). See also United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.1980) ("Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration."). Petitioner subsequently was returned to state custody. In such circumstances, the state has primary jurisdiction over the prisoner, even while he is under temporary federal custody pursuant to the writ. Thomas v. Brewer, 923 F.2d 1361, 1365-1369 (9th Cir. 1991). It appears that Petitioner received credit toward his state sentence for this time (see generally ECF No. 20), and Petitioner does not argue otherwise. Thus, Petitioner is not entitled to credit toward his federal sentence for this time. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.")

The BOP also considered, and ultimately declined, Petitioner's request for a nunc pro tunc designation that his federal sentence ran concurrently with the remainder of his state sentence. (ECF No. 20-1 at 18-24.) "[S]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." Taylor, 284 F.3d at 1149. Petitioner presents no grounds to suggest that the BOP's decision constituted an abuse of discretion and the Court finds none. Furthermore, the process followed by the BOP in reviewing the request, and in particular its reliance on the intent of the sentencing court, was consistent with applicable law. Id.

Petitioner does not present any other argument or evidence to suggest that the BOP's determination was arbitrary, capricious, an abuse of discretion, or contrary to law. See Reynolds, 603 F.3d at 1152. Accordingly, he is not entitled to relief on his claim.

## III. Conclusion and Order

Based on the foregoing, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED with prejudice; and
2. The Court declines to issue a certificate of appealability.[2]

IT IS SO ORDERED.

Dated: August 11, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

---

[2] Because petitioner is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not required. See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.")